**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4135**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDMOND DONTA HOWZE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00379-1)

---

Submitted: October 31, 2007          Decided: November 15, 2007

---

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

R. Brent Walker, LAW OFFICE OF R. BRENT WALKER, Charlotte, North Carolina, for Appellant.  Kevin Zolot, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edmond Howze pled guilty without a plea agreement to conspiracy to possess with intent to distribute powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000) ("Count One"); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000) ("Count Two"); and separate counts of possession with intent to distribute cocaine base and powder cocaine, both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000) ("Counts Three and Four"). The district court sentenced Howze to concurrent 188-month sentences on Counts One, Three, and Four, and a concurrent 120-month sentence on Count Two. Howze timely appealed, and his counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but contending the sentence was unreasonable. Howze did not file a pro se supplemental brief, despite being notified of his right to do so. The Government declined to file a responding brief. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18

U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). We will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>see</u> <u>Rita v. United States</u>, ___ U.S. ___, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness of sentence within properly calculated sentencing guidelines range).

The district court properly calculated a sentencing guidelines range of 168 to 210 months' imprisonment and imposed sentence within all applicable statutory maximum penalties. The court treated the sentencing guidelines as advisory and found a 188-month sentence was sufficient but not greater than necessary to comply with the factors set forth in § 3553(a). We conclude Howze's sentence was reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Howze's conviction and sentence. This court requires that counsel inform Howze, in writing, of the right to petition the Supreme Court of the United States for further review. If Howze requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in

this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Howze.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -